IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DERRICK J. ELLERBE,** | : | |
|     **Plaintiff,** | : | |
| | : | |
|     v. | : | **CIVIL ACTION NO. 22-CV-4250** |
| | : | |
| **U.S. DISTRICT COURT FOR THE** | : | |
| **EASTERN DISTRICT OF** | : | |
| **PENNSYLVANIA,** *et al.* | : | |
|     **Defendant.** | : | |

**MEMORANDUM**

**BAYLSON, J.**                                                                                                               **NOVEMBER 23, 2022**

      Derrick J. Ellerbe, a frequent *pro se* litigant who has previously been the subject of two pre-filing injunction orders, filed a complaint seeking a writ of mandamus against the Clerk of Court for the United States District Court for the Eastern District of Pennsylvania.[1] (Compl., ECF No. 2.) Ellerbe also seeks leave to proceed *in forma pauperis*. For the following reasons, leave to proceed *in forma pauperis* will be granted and the Complaint will be dismissed.

**I.    FACTUAL ALLEGATIONS**

      Ellerbe asserts federal question jurisdiction to raise First Amendment, due process, and equal protection claims based on a "denial of access to the courts theory." (Compl. at 3.) He alleges that on September 29, 2022 he attempted to file a complaint that the Clerk of Court refused to process "and he refused to give it back to me." (*Id*. at 4.) Ellerbe references other documents (*see id.* (asserting "the attached documents will explain everything that has happened and plaintiff's right to redress through the courts to regain his freedom")), but no documents other than the Complaint were filed. He asserts that the Clerk is "refusing mandatory duties that

---

[1] In his caption, Ellerbe listed both the Court and the "Clerk of Courts." However, the only Defendant listed in the body of the Complaint is the Clerk of Court.

are not discretionary" and seeks to compel the Clerk to file his submissions. (*Id*.) He seeks as relief an order in the nature of mandamus to require the Clerk to file his pleadings to "restore [his] rights to freedom of expression, other constitutional rights and all of his civil rights." (*Id*. at 5.)

The Court takes judicial notice that Ellerbe is the subject of prefiling injunction orders. The second of the two was entered in *In re Derrick J. Ellerbe*, Civ. No. 21-3807 (ECF No. 4).[2] In an Order filed on September 20, 2021, a self-executing injunction was entered empowering the Clerk of Court without leave of Court to refuse to accept for filing under Federal Rule of Civil Procedure 5(d)(4) "any additional pleadings, except a notice of appeal, in this civil action or any new civil action received from Derrick J. Ellerbe that falls within the scope of the Court's September 19, 2020 Order entered in Civ. A. No. 20-211. . ." The Order also provided that, "[if] Ellerbe submits any paper to the Clerk of Court that falls within the scope of [the injunction] the Clerk of Court is **DIRECTED** to return the paper to him with a copy of this Order and the Court's September 19, 2020 Order entered in Civ. A. No. 20-211 (ECF No. 6)." *Id*. at 1-2 (emphasis in original). Thereafter, the United States Court of Appeal for the Third Circuit denied Ellerbe's petition for writ of mandamus. (*See id*., ECF No. 5.)

The September 19, 2020 Order entered in *Ellerbe v. The President of the U.S., et al.*, Civ. No. 20-211, provided that Ellerbe was enjoined from filing any specified future action without leave of court. (*Id*., ECF No. 6.) The September 19 Order was entered after Ellerbe failed to respond to an Order (*id.*, ECF No. 5) previously entered in the case directing him to show cause

---

[2] In a case filed the same day, *Ellerbe v. The U.S. Government*, Civ. No. 21-3806 (E.D. Pa.), allegations that Ellerbe was kidnapped outside his home in Philadelphia on April 12, 2013 were dismissed as frivolous and Ellerbe was again enjoined from filing additional pleadings raising the same claims. (*Id*., ECF No. 4.)

why he should not be enjoined from filing "any future actions concerning the identical, untimely allegations raised in that case and at least six prior cases alleging he was followed, harassed, kidnapped, or held captive by governmental agents or entities." (*Id*.) The United States Court of Appeal for the Third Circuit also denied a petition for writ of mandamus filed by Ellerbe in that case. (*See id*., ECF No. 7.) The effect of the two orders entered by this Court was to authorize the Clerk of Court to refuse to accept for filing any new case Ellerbe submitted that raised the same claims as those already adjudicated against him.

## II.     STANDARD OF REVIEW

The Court grants Ellerbe leave to proceed *in forma pauperis*. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Ellerbe is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

Section 1915 also requires the dismissal of claims for monetary relief brought against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(iii); *Rauso v. Giambrone*, 782 F. App'x 99, 101 (3d Cir. 2019) (*per curiam*) (holding that § 1915(e)(2)(B)(iii) "explicitly states that a court shall dismiss a case 'at any time' where the action seeks monetary relief against a defendant who is immune from such relief"). Finally, the Court must review the pleadings and dismiss the matter if it determines, *inter alia*, that the action fails to set forth a proper basis for this Court's subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Group Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*"). A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("The burden of establishing federal jurisdiction rests with the party asserting its existence." (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006))).

**III.    DISCUSSION**

Since he asks only for relief in the nature of mandamus, the Court first considers whether Ellerbe may bring an action pursuant to 28 U.S.C. § 1361, which provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Mandamus relief is generally considered a "drastic" remedy, "to be invoked only in extraordinary situations." *Kerr v. United States Dist. Ct. for N. Dist. of California*, 426 U.S. 394, 402 (1976). A party seeking a writ of mandamus must show that he has "(i) no other adequate means of obtaining the desired relief and (ii) a 'clear and indisputable' right to issuance of the

writ." *Mote v. United States Dist. Ct. for Middle Dist. of Pennsylvania*, 858 F. App'x 39, 40 (3d Cir. 2021) (*per curiam*) (citations omitted), *cert. denied*, 142 S. Ct. 906 (2022).

For a district court to have subject matter jurisdiction to compel the action of an individual pursuant to § 1361, the individual must be "an officer or employee of the United States or any agency thereof." *See Semper v. Gomez*, 747 F.3d 229, 250-51 (3d Cir. 2014). The United States Court of Appeals for the Third Circuit has concluded, "in determining whether an individual qualifies as an officer or employee of the United States or any agency thereof, . . . that Congress, in enacting § 1361 was thinking solely in terms of the executive branch." *Mendez v. Plaskett*, 764 F. App'x 201, 202 (3d Cir. 2019) (internal citations and quotations omitted). Consequently, courts have held that § 1361 does not confer subject matter jurisdiction on federal district courts to compel the actions of judges and judicial employees. *See Semper*, 747 F.3d at 250-51 (citing *Trackwell v. United States Government*, 472 F.3d 1242, 1246 (10th Cir. 2007) (noting that "[f]or a district court to issue a writ of mandamus against an equal or higher court would be remarkable" and holding that the Supreme Court is not an "'agency' within the meaning of § 1361"); *Viola v. United States*, No. 17-0856, 2017 WL 4318029, at *3 (D. Conn. Sept. 28, 2017) (holding that district court lacked subject matter jurisdiction to issue a writ of mandamus against federal district court judge); *United States v. Cox*, No. 11-99, 2017 WL 11428575, at *4 (D.N.J. Jan. 6, 2017) (holding, *inter alia*, that district court lacked jurisdiction to grant writ of mandamus directed against Third Circuit Clerk), *aff'd*, 692 F. App'x 85 (3d Cir. 2017); *Natkunanathan v. Barnes*, No. 15-0895, 2015 WL 13908113, at *2 (C.D. Cal. Sept. 16, 2015) (finding district court lacked jurisdiction over mandamus action seeking to compel United States Supreme Court Clerks to file plaintiff's submissions with the Supreme Court), *aff'd sub nom. Natkunanathan v. United States Supreme Ct.*, 689 F. App'x 567 (9th Cir. 2017).

Accordingly, to the extent Ellerbe seeks mandamus relief against the Clerk of Court, this Court lacks subject matter jurisdiction to grant that relief.

To the extent the Complaint can be considered to be a civil rights action, Ellerbe's claims must be dismissed with prejudice. The vehicle by which a person may bring a civil rights action against a federal government actor is *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). However, the availability of *Bivens* as a cause of action is limited, and no prior decision appears to have sanctioned a claim under *Bivens* similar to the one Ellerbe seeks to bring and "the Supreme Court has plainly counseled against creating new *Bivens* causes of action." *Vanderklok v. United States*, 868 F.3d 189, 199 n.8 (3d Cir. 2017) (citing *Minneci v. Pollard*, 565 U.S. 118 (2012) (refusing to extend Eighth Amendment *Bivens* action to individuals working at a private prison); *see also Egbert v. Boule*, 142 S.Ct. 1793 (2022) (refusing to recognize First Amendment retaliation as a *Bivens* cause of action); *FDIC v. Meyer*, 510 U.S. 471 (1994) (refusing to extend *Bivens* claim to federal agency defendant); *Schweiker v. Chilicky*, 487 U.S. 412 (1988) (refusing to extend *Bivens* to case involving wrongful denials of disability benefits); *United States v. Stanley*, 483 U.S. 669 (1987) (refusing to extend *Bivens* to case involving injuries suffered incident to military service); *Chappell v. Wallace*, 462 U.S. 296 (1983) (refusing to extend *Bivens* to case involving racial discrimination by superiors in military)); *see also Hernandez v. Mesa*, 140 S. Ct. 735, 742-43 (2020) (stating that the "expansion of *Bivens* is a disfavored judicial activity," that "it is doubtful" that the outcome of *Bivens* would be the same if it were decided today, and that "for almost 40 years, [the Supreme Court] ha[s] consistently rebuffed requests to add to the claims allowed under *Bivens*." *Id.* at 472-73 (internal quotations marks and citations omitted)).

The Supreme Court has recognized an implied private action against federal officials in only three cases: (1) *Bivens* itself — "a claim against FBI agents for handcuffing a man in his

6

own home without a warrant" under the Fourth Amendment; (2) "a claim against a Congressman for firing his female secretary" under the Fifth Amendment, *Davis v. Passman*, 442 U.S. 228 (1979); and, (3) "a claim against prison officials for failure to treat an inmate's asthma" under the Eighth Amendment, *Carlson*, 446 U.S. 14. *But see also Shorter v. United States*, 12 F.4th 366, 372 n.4 (3d Cir. 2021) (noting that the Supreme Court decision in *Farmer v. Brennan*, 511 U.S. 825, 830 (1994), involving a claim against federal prison officials who failed to keep a transgender prisoner safe from sexual assault, had also "recognized" a *Bivens* remedy; thus similar claim was not a new *Bivens* context); *id.*, n.5 ("[*Ziglar v.*] *Abbasi* neglected to name *Farmer* because it saw that case as falling under the umbrella of *Carlson*"). Because the Supreme Court has never recognized a First Amendment *Bivens* claim similar to the one Ellerbe seeks to raise in this case, has specifically declined to extend *Bivens* to a First Amendment retaliation claim in *Egbert*, extending *Bivens* is "a 'disfavored' judicial activity," *see Ziglar v. Abbasi*, 137 S.Ct. 1843, 1857 (2017), and a "rigorous inquiry" into Ellerbe's allegations lead to the conclusion that a new *Bivens* cause of action should not be implied in such a new context or new category of defendant, *see Vanderklok*, 868 F.3d at 200, any civil rights claim against the Clerk of Court for failing to file his documents is not plausible.[3]

---

[3] Moreover, courts have held that clerks of court and clerk's office employees enjoy absolute immunity and quasi-judicial immunity when performing duties required by statute or at the direction of judicial authority. *See e.g.*, *Lucarelli v. Norton*, No. 06-53, 2006 WL 709319, at *7 (M.D. Pa. Mar. 17, 2006); *Pokrandt v. Shields*, 773 F. Supp. 758, 765 (E.D. Pa. 1991) (noting that courts have held that clerks of court are entitled to immunity the same as judges); *DeFerro v. Coco*, 719 F. Supp. 379, 381 (E.D. Pa. 1989) (holding that absolute immunity extends to court clerk because he was a "nonjudicial officials whose activities are integrally related to the judicial process and involve the exercise of discretion comparable to that of a judge"); *Mercedes v. Barrett*, 453 F.2d 391, 392 (3d Cir. 1971); *Lockhart v. Hoenstine*, 411 F.2d 455, 460 (3d Cir. 1969) ("In addition to the recognized immunity enjoyed by judicial and quasijudicial officers, including prothonotaries, there exists an equally well-grounded principle that any public official acting pursuant to court directive is also immune from suit."). Since Ellerbe is the subject of prefiling injunction orders, the Clerk of Court's action returning Ellerbe's pleading was an action pursuant to court directive for which the Clerk enjoys absolute immunity.

Case 2:22-cv-04250-MMB Document 5 Filed 11/23/22 Page 8 of 8

IV.    **CONCLUSION**

For the reasons stated, Ellerbe's Complaint, to the extent he seeks mandamus relief will be dismissed for lack of subject matter jurisdiction. To the extent he seeks to raise civil rights claims, they are dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). No leave to amend will be given because amendment would be futile. An Order follows.

**BY THE COURT:**

**/s/ MICHAEL M. BAYLSON**

**MICHAEL M. BAYLSON, J.**

---

Finally, to the extent Ellerbe sought to sue the Court as an entity rather than the Clerk of Court, that claim is also dismissed with prejudice on the grounds of sovereign immunity. The courts are part of the judicial branch of the federal government and are entitled to sovereign immunity absent a waiver. *See Alston v. Admin. Offices of Delaware Courts*, 663 F. App'x 105, 108 (3d Cir. 2016) (*per curiam*) ("The USBCDD is part of the judicial branch of the Federal Government and, absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."); *Meyer*, 510 U.S. at 475 ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."). The United States has not waived sovereign immunity for civil rights actions. *See Alasevich v. U.S. Air Force Reserve*, No. 95-2572, 1997 WL 152816, at *1 (E.D. Pa. Mar. 26, 1997) ("There is notably no sovereign immunity waiver for claims of constitutional violations or claims brought under § 1983.").

8